781 N.W.2d 608 (2010)
279 Neb. 734
STATE of Nebraska, appellee,
v.
Ira LEON, appellant.
No. S-09-636.
Supreme Court of Nebraska.
April 23, 2010.
Tracy L. Hightower-Henne, of Hightower Law, L.L.C., for appellant.
Ira Leon, pro se.
Jon Bruning, Attorney General, and Erin E. Tangeman for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
HEAVICAN, C.J.

INTRODUCTION
Ira Leon was convicted of first degree murder, robbery, and use of a weapon to commit a felony in 1992. On May 4, 2009, Leon sought DNA testing of biological material collected as evidence in his case. Leon's motion was denied, and he appeals. We affirm.

*609 FACTS
Leon was charged with first degree murder, robbery, and use of a weapon to commit a felony in the February 19, 1992, death of Bettie Christensen. Leon had originally been charged with premeditated murder or, in the alternative, felony murder. But pursuant to a plea bargain, Leon agreed to plead no contest to premeditated first degree murder, robbery, and use of a weapon to commit a felony. In exchange, the State amended the information against Leon, striking that portion charging Leon with felony murder. The State also agreed not to seek the death penalty or the maximum terms of imprisonment for the robbery and use charges, and further agreed not to present any additional evidence at sentencing. Per the agreement, the State was permitted to ask the district court for a minimum period of incarceration of 17 years in addition to Leon's life sentence for the first degree murder conviction and also to request that Leon's sentences be served concurrently.
In support of the no contest plea, the State alleged that at around 10:10 p.m. on February 19, 1992, Leon and another man, Stacey Fletcher, entered a convenience store located in North Platte, Nebraska. Leon and Fletcher were in possession of two tire irons at the time they entered the store. Upon realizing that Leon and Fletcher were going to rob the store, Christensen, the store clerk, screamed and ran toward the back room. According to Fletcher, at that point, Leon began beating Christensen about the head. After Christensen was dead, Leon and Fletcher stole $400 to $500 in cash from the cash register and left the store. They were later apprehended at a North Platte residence. The tire irons were recovered. Both tire irons tested positive for the presence of human blood. One tire iron also had hair resembling the victim's on it. In addition, a customer who entered the store at the time of the murder and robbery positively identified Leon.
Leon was subsequently sentenced to consecutive terms of life imprisonment for first degree murder, 12 to 25 years' imprisonment for robbery, and 5 to 10 years' imprisonment for use of a weapon to commit a felony. No direct appeal was filed, but Leon did file a motion for postconviction relief in January 1993. An evidentiary hearing on that motion was held, but the motion was overruled. That judgment was affirmed by the Court of Appeals in case No. A-93-914 on April 21, 1994.
On May 4, 2009, Leon filed a motion for DNA testing under the DNA Testing Act.[1] Leon requested that DNA testing "be completed on the biological materials that were collected as evidence in this case to correct the manifest injustice of the judgement [sic] against [him] based on false statements ... and testimony of [Fletcher]." Leon alleged that testing of the evidence in this case would show that it was Fletcher, and not Leon, who committed the murder. In an affidavit filed later, Leon requested the testing of about 100 pieces of evidence to determine whether biological material was present. Leon maintained the testing would show that Fletcher had substantial contact with the victim and that Leon had no contact with the victim, thus "undermining Fletcher's statements to the State that [Leon] killed the victim."
On June 15, 2009, the district court denied Leon's motion, finding that DNA testing would not produce noncumulative, exculpatory evidence relevant to the claim that Leon was wrongly convicted or sentenced. The district court noted that Leon *610 did not deny that he was present at the scene or involved in the robbery of the store. "Even assuming for the sake of argument that ... Fletcher actually inflicted the fatal blows upon the victim, [Leon] would still be guilty of felony murder if he was guilty of robbery as an aider and a death resulted during the course of committing the robbery."
Leon appeals.

ASSIGNMENT OF ERROR
On appeal, Leon assigns that the district court erred in denying his motion for DNA testing.

STANDARD OF REVIEW
A motion for DNA testing is addressed to the discretion of the trial court, and unless an abuse of discretion is shown, the trial court's determination will not be disturbed.[2]

ANALYSIS
The DNA Testing Act provides in relevant part:
(1) Notwithstanding any other provision of law, a person in custody pursuant to the judgment of a court may, at any time after conviction, file a motion, with or without supporting affidavits, in the court that entered the judgment requesting forensic DNA testing of any biological material that:
(a) Is related to the investigation or prosecution that resulted in such judgment;
(b) Is in the actual or constructive possession or control of the state or is in the possession or control of others under circumstances likely to safeguard the integrity of the biological material's original physical composition; and
(c) Was not previously subjected to DNA testing or can be subjected to retesting with more current DNA techniques that provide a reasonable likelihood of more accurate and probative results.
. . . .
(5) Upon consideration of affidavits or after a hearing, the court shall order DNA testing pursuant to a motion filed under subsection (1) of this section upon a determination that such testing was effectively not available at the time of trial, that the biological material has been retained under circumstances likely to safeguard the integrity of its original physical composition, and that such testing may produce noncumulative, exculpatory evidence relevant to the claim that the person was wrongfully convicted or sentenced.[3]
Exculpatory evidence is defined as "evidence which is favorable to the person in custody and material to the issue of the guilt of the person in custody."[4]
On appeal, Leon contends that DNA testing should be conducted on all of the evidence gathered in connection with the robbery of the store and subsequent murder of Christensen. Leon contends that testing would show that only Fletcher had Christensen's blood on his person and clothing and would also show that only Fletcher's DNA was on Christensen's person. Leon argues that this would show that only Fletcher had contact with Christensen and that thus, Fletcher was responsible for Christensen's murder.
Leon first contends that blood was found on Fletcher's clothing and not on Leon's clothing and that such fact proves Fletcher and not Leon killed Christensen. However, it was known at the time Leon entered *611 his plea that there was blood all over Fletcher's clothing but not on Leon's clothing. In fact, Leon's counsel argued these facts at sentencing.
Because of this, the most DNA testing would reveal is whose blood was on Fletcher's clothing. Such a finding would not be exculpatory, as there were a number of ways this blood could have gotten on Fletcher's clothing, even without Fletcher's having killed Christensen. The record shows that there was blood at the scene at the time the police arrived. There was expert testimony that blood would have splattered during the killing. And Fletcher's statement was that he followed Leon to the back room and watched as Leon killed Christensen by striking her with the tire iron.
The lack of Christensen's DNA on Leon's clothing would also not be exculpatory. Just as it was known that there was blood on Fletcher's clothes, it was also known that there was no blood on Leon's clothes. There was evidence that Leon had been seen washing himself following the murder and prior to his arrest. In addition, there was evidence that Leon had changed his clothes after the murder and that blood was present on shoes found in the house where Leon was found after the murder.
This case is very similar to State v. Lotter.[5] In Lotter, the defendant wished to have DNA testing performed on the clothing, gloves, and shoes worn by his codefendant. We rejected Lotter's claims, holding:
In the case at bar, the victims could be the source of the blood samples in question. DNA testing could establish that the blood came from one or more of the victims, but it could not determine how the blood was deposited upon the items being tested. Since the results of DNA testing could not establish how the blood was deposited on [the codefendant's] gloves, shoes, or clothing, the results could not establish that [the codefendant] shot the victims. Therefore, the results of such testing could not be exculpatory.[6]
Leon also contends that DNA testing would show that only Fletcher's DNA would be found on Christensen's person. But just as the presence of Christensen's blood on Fletcher's clothing would not be exculpatory, nor would the presence of Fletcher's DNA on Christensen be exculpatory. As is noted above, there is evidence that Leon washed and changed his clothes before being arrested.
We note that in his brief, Leon suggests long brown hairs resembling Fletcher's were found in Christensen's hand. While we found reference in the record to hairs being found in Christensen's hand, we found no description of those hairs or of Fletcher's hair. And in any event, the fact that Fletcher's hairs could have been found on Christensen does not preclude the possibility that Leon was involved in the murder and is therefore not exculpatory as to Leon.
Leon's argument that his motion for DNA testing should have been granted is without merit.

CONCLUSION
The decision of the district court denying Leon's motion for DNA testing is affirmed.
AFFIRMED.
NOTES
[1] Neb.Rev.Stat. §§ 29-4116 to 29-4125 (Reissue 2008).
[2] State v. Winslow, 274 Neb. 427, 740 N.W.2d 794 (2007).
[3] § 29-4120.
[4] § 29-4119.
[5] State v. Lotter, 266 Neb. 758, 669 N.W.2d 438 (2003).
[6] Id. at 770, 669 N.W.2d at 447-48.